# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLENN COLBY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0909** (BOR Appeal No. 2046817)
                    (Claim No. 2006209850)

**BAYER CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glenn Colby, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bayer Corporation, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 11, 2012, in which the Board affirmed a January 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 14, 2009, decision which granted Mr. Colby no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Colby, a fire control inspector, was exposed to carbon monoxide in the course of his employment. He was diagnosed with carbon monoxide poisoning by David Penney, Ph.D. By an Order from this Court dated January 5, 2011, his claim was held compensable for carbon monoxide exposure. Mr. Colby alleges that he sustained a number of medical conditions due to his compensable injury including tremors, disequilibrium, sensory loss, and cognitive defects.

1

Mr. Colby underwent an independent medical evaluation by Howard Sandler, M.D., in September of 2007. In that evaluation, Dr. Sandler found that most of Mr. Colby's symptoms were pre-existing and were not consistent with carbon monoxide exposure. He determined that Mr. Colby had a history of psychological problems including anxiety, depression, and increased emotional responses going back as early as 1987. He found that Dr. Penney's diagnosis was unreliable, because he is not a physician and failed to perform a physical examination of Mr. Colby.

Based upon a recommendation by Dr. Penney, Mr. Colby was evaluated by Dennis Helffenstein, M.D., a neuropsychologist, on September 19, 2008. Dr. Helffenstein diagnosed Mr. Colby with a cognitive disorder and a mood disorder caused by carbon monoxide poisoning. He determined that Mr. Colby had ongoing symptoms including permanent physical fatigue, as well as visual, cognitive, and emotional coping defects. He was of the opinion that the symptoms did not precede the carbon monoxide exposure. He noted that he was unaware of any pre-existing or co-existing medical, neurological, psychological, or psychiatric conditions that could account for Mr. Colby's symptoms. He determined that the cognitive deficits were permanent, and that Mr. Colby had reached maximum medical improvement. Bruce Guberman, M.D., agreed that Mr. Colby was at maximum medical improvement in the independent medical evaluation he conducted on November 25, 2009. In that evaluation, Dr. Guberman diagnosed Mr. Colby with chronic carbon monoxide poisoning with neurological defects. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), he determined Mr. Colby had 10% impairment due to his cognitive defects. He assessed his impairment for tremors at 10%. He also recommended 5% impairment for disequilibrium and 2% impairment for sensory loss. These impairments were combined for a total recommendation of 25% whole person impairment.

Mohammed Ranavaya, M.D., performed an independent medical evaluation of Mr. Colby on August 29, 2011. He reviewed Mr. Colby's medical records and found that he had suffered from tremors and jerking movements of the head and jerking and weakness of the left arm since the mid-1990s. Dr. Ranavaya noted that Mr. Colby was diagnosed with memory problems and fatigue in 2004. His examination revealed no evidence of cognitive defects. He discovered that Mr. Colby's hand tremors disappeared with distraction, and that there was no evidence of motor or sensory loss. Mr. Colby's symptoms were noted to be subjective and self-reported. Dr. Ranavaya found that Mr. Colby had sustained no permanent impairment as a result of carbon monoxide exposure. Dr. Guberman's findings were determined to be incorrect and unreliable.

Mr. Colby's medical records were reviewed by Christopher Martin, M.D. In a report dated September 28, 2011, he opined that Mr. Colby had sustained no permanent impairment from his exposure to carbon monoxide. He discovered that Mr. Colby's tremors pre-dated his occupational exposure. Dr. Martin stated that he fully agreed with Dr. Ranavaya's conclusion that there is no assessable impairment in this case, because there is no objective evidence to support a diagnosis of carbon monoxide poisoning, there was no treatment provided directly for the condition, and Mr. Colby's overall level of function appears to be exceptionally high.

The claims administrator denied Mr. Colby a permanent partial disability award on September 14, 2009. The Office of Judges reversed that decision in its January 6, 2012, Order and awarded Mr. Colby a 10% permanent partial disability award for cognitive defects. Significant weight was placed on the findings of Dr. Helffenstein and the evaluation by Dr. Guberman. The Office of Judges determined that Dr. Helffenstein's opinion merited more evidentiary weight than the opinions of Dr. Martin and Dr. Ranavaya. Because Dr. Helffenstein is a neuropsychologist, he was found to be in a better position to determine whether Mr. Colby suffered from cognitive impairment due to his carbon monoxide exposure. Dr. Helffenstein ultimately concluded that Mr. Colby developed cognitive impairment as the result of carbon monoxide poisoning. Since Dr. Guberman was the only physician of record to providing a rating for cognitive impairment, his recommendation was given the most evidentiary weight. The Office of Judges therefore concluded that the preponderance of the evidence established that Mr. Colby suffered 10% cognitive impairment due to his compensable condition.

Dr. Guberman's ratings of 10% impairment for tremors, 5% impairment for disequilibrium, and 2% impairment for sensory loss were determined to be less reliable than the opinions of Dr. Ranavaya and Dr. Martin that Mr. Colby had sustained no permanent impairment as the result of these conditions. The Office of Judges found that both Dr. Ranavaya and Dr. Martin reviewed Mr. Colby's medical history and determined that his tremors pre-existed his carbon monoxide exposure. Both physicians also concluded that he showed no indications of equilibrium problems or sensory loss. Since the evaluations of Dr. Ranavaya and Dr. Martin were conducted later in time, the Office of Judges determined that more evidentiary weight should be placed on their findings and conclusions, because they were the most current assessments of Mr. Colby's conditions. It therefore ultimately concluded that Mr. Colby was entitled to no permanent partial disability award for tremors, disequilibrium, or sensory loss.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 11, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Colby is entitled to no permanent partial disability award for tremors, disequilibrium, or sensory loss because the conditions were pre-existing. The evidence does indicate, however, that he is entitled to a 10% permanent partial disability award due to cognitive defects caused by carbon monoxide poisoning.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED:  March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II